SINNAMON *v*. MELBOURN *et al.*

Where a receipt was given by plaintiff, after the suit was commenced, but before the trial, on obtaining payment of defendant "in full of all debts, dues and demands," it was error, on the trial, to reject the receipt when offered in evidence.

Where the defendant offered to prove by a competent witness, "how much he had paid the plaintiff," the testimony should not have been rejected.

The Code, in directing oral pleadings to be reduced to writing by the justice of the peace, is directory, and a party should not be prejudiced if he neglects that duty.

On a trial before a justice of the peace, a general denial of indebtedness will be presumed, if nothing appears to the contrary.

*Appeal from Wapello District Court.*

*Opinion by* HALL, J. This suit was originally commenced by Whipple, as the next friend of Milbourn, against Sinnamon, before a justice of the peace. The demand was for work and labor of Melbourn whilst a minor. There was a trial and judgment before the justice, in favor of the plaintiff, whereupon Simamon appealed to the district court. On the trial in the district court, Sinnamon offered in evidence a receipt dated March 7th, 1854, which date was after the suit was commenced, but before the trial before the justice, and had been offered in evidence before the justice. The receipt was as follows: "Received fifteen dollars, in full for all debts, dues and demands, and costs, up to this date from Thomas Sinnamon. Witness, Wallace Milline. THOMAS MELBOURN."

The plaintiff objected to giving the receipt in evidence, and the court sustained the objection, and ruled that the receipt should not be given in evidence; defendant excepted. The defendant then called a competent witness and asked him "how much defendant had paid Melbourn?" This was objected to, and the objection sustained. Errors are now assigned against the decisions of the court below, in excluding the receipt and the evidence of the

witness. The docket of the justice does not specify the state of the pleadings.

This court has decided that payment may be given in evidence, in actions upon contract, under the general denial of indebtedness. Under § 2284 of the Code, the pleadings "may be written or oral." Where they are oral, the justice is directed to write them down in his docket. It is impossible to look over this record without being satisfied that the defendant below resisted the plaintiff's demand at every stage of the proceeding; and we cannot resist the conviction, that the case was tried before the justice upon the merits as presented by the denial on the part of the defendant of the plaintiff's right to recover. The Code is directory to the justice to reduce the pleadings to writing when they are oral, and it ought not to prejudice the parties, if he does not do so. When there has been a trial of the cause before the justice, a general denial of indebtedness will be presumed, in the absence of anything to the contrary. Some charity is due to these tribunals.

It is contended that a minor, after suit is brought, has no right to settle the cause of action. This point was not necessarily before the court below. The receipt would tend to prove that the plaintiff had received fifteen dollars, and justice required that he should not again collect the same sum. If the minor was paid, the law was satisfied, and Sinnamon should be allowed for the payment. Code, § 1490; 3 Hill, 149.

We think that the receipt was improperly rejected, and that evidence of payment was improperly excluded by the court below.

Judgment reversed.

_H. B. Hendershott_, for appellant.